Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Donald Lee Achenbach** | |
| | First Name   Middle Name | Last Name |
| Debtor 2 | **Windy Lee Achenbach** | |
| (Spouse, if filing) | First Name   Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **DISTRICT OF UTAH** |
| Case number: | 19-20331 | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan                                                                                       12/17

## Part 1:   Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee as follows:**

**$1970** per **Month** for **21** months
**$2195** per **Month** for **39** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☑   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

**2.3 Income tax refunds.**
  *Check one.*
  ☐   Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Donald Lee Achenbach** | Case number | **19-20331** |
|---|---|---|---|
|  | **Windy Lee Achenbach** |  |  |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**See section 8.1**

### 2.4 Additional payments.
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>129,016.00</u>.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Morgan Jewelers** | **$1,784.00** | **Bracelet, Ring & Necklace Location: 3778 South Adams Road, Magna UT 84044** | **$1,500.00** | **$0.00** | **$1,500.00** | **4.50%** | **$31.00** | **$1,756.20** |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

| Debtor | **Donald Lee Achenbach** | Case number | **19-20331** |
|---|---|---|---|
| | **Windy Lee Achenbach** | | |

*Check one.*

- ☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ☑ The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly plan payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|
| **Chrysler Financial/TD Auto** | **2014 Dodge Dart 23,000 miles Value based on KBB.com Location: 3778 South Adams Road, Magna UT 84044** | **$16,039.00** | **4.50%** | **$335.00** Disbursed by: ☑ Trustee ☐ Debtor(s) | **$18,747.98** |
| **Security Service Federal Credit Union** | **2017 Dodge Ram 2500 Diesel 20,000 miles Value based on KBB.com Location: 3778 South Adams Road, Magna UT 84044** | **$66,506.00** | **4.70%** | **$1,370.00** Disbursed by: ☑ Trustee ☐ Debtor(s) | **$77,905.10** |

*Insert additional claims as needed.*

**3.4**   **Lien avoidance**.

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**   **Surrender of collateral.**

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| **America First Credit Union** | **2016 Rockwood Signature Primary Residence Value based on nada.com Location: 3778 South Adams Road, Magna UT 84044** |

| Debtor | **Donald Lee Achenbach** | Case number | **19-20331** |
|---|---|---|---|
|  | **Windy Lee Achenbach** |  |  |

*Insert additional claims as needed.*

### Part 4:  Treatment of Fees and Priority Claims

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**12,697.50**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,500.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ☑ The debtor(s) estimate the total amount of other priority claims to be **$14,409.60**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☑ The sum of $ **0.00**.
- ☐ _____% of the total amount of these claims, an estimated payment of $_____.
- ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one*.

- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
- ☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column

| Debtor | **Donald Lee Achenbach** | Case number | **19-20331** |
|---|---|---|---|
|  | **Windy Lee Achenbach** |  |  |

includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| **Sprint** | **Cell phone contract** | **$300.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | **$0.00** |  | **$0.00** |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑  plan confirmation.
☐  entry of discharge.
☐  other: _____

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**(1) Adequate Protection Payments shall be paid to Morgan Jewelers listed in Section 3.2, Chrysler Financial/TD Auto, and Security Service Federal Credit Union listed Section 3.3 in accordance with Local Rule 2083-1(d), refer to the Notice of Adequate Protection Payments and Opportunity to object for detail concerning the amount and duration of Adequate Protection Payments.**
**(2) The Applicable Commitment Period for the Plan as determined by § 1325(b)(4) is 36 months.**
**(3) The Debtor(s) shall pay the creditors listed below and listed in Section 3.1 above, if any, directly, in accordance with Local Rule 2083-2(i)(4).**
**(4) The creditors listed below, if any, shall be paid directly by a non-debtor, in accordance with Local Rule 2083-2(k)(1).**
**(5) Debtor moves to avoid the secured lien held by the creditors listed in Section 3.4 above, if any, under § 522(f) in accordance with Local Rule 2083-2(j).**
**(6) Interest on over-secured claims shall be paid to the following creditors, if any, at the identified interest rates:**
**(7) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.**
**(8) Secured creditors identified under section 3.3 shall retain their lien, except as provided in 11 U.S.C. §1325(a)(5)(B).**
**(9) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0% per annum if no interest rate is specified.**

**Section 2.3 Note 1:**
**For the next five tax years of 2018, 2019, 2020, 2021, and 2022, the Debtor(s) shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year, the debtor receives an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on the federal tax return, the Debtor(s) may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtor(s) shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtor(s) shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtor(s) is not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan. However, the Debtor(s) is not obligated to pay tax overpayments that have been properly offset by a taxing**

| Debtor | **Donald Lee Achenbach** | Case number | **19-20331** |
|---|---|---|---|
|  | **Windy Lee Achenbach** | | |

**authority.**

**The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.**

### Part 9:   Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

| X | **/s/ Donald Lee Achenbach** | | X | **/s/ Windy Lee Achenbach** |
|---|---|---|---|---|
|   | **Donald Lee Achenbach** | | | **Windy Lee Achenbach** |
|   | Signature of Debtor 1 | | | Signature of Debtor 2 |

| Executed on | **February  1, 2019** | | Executed on | **February  1, 2019** |
|---|---|---|---|---|

| X | **/s/ Matthew K. Broadbent** | | Date | **February  1, 2019** |
|---|---|---|---|---|
|   | **Matthew K. Broadbent 09667** | | | |
|   | Signature of Attorney for Debtor(s) | | | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Donald Lee Achenbach** | Case number | **19-20331** |
|---|---|---|---|
| | **Windy Lee Achenbach** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $1,756.20 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $96,653.08 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $30,607.10 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $0.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | $129,016.38 |

Matthew K. Broadbent (09667)
Vannova Legal, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: info@VannovaLegal.com
*Attorney for Debtor(s)*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division**

| In Re: **Windy Lee Achenbach and Donald Lee Achenbach,** Debtor(s). | Bankruptcy Case No.: 19-20331<br><br>Chapter 13<br><br>Honorable R. Kimball Mosier |
|---|---|

**NOTICE OF ADEQUATE PROTECTION PAYMENTS
UNDER 11 U.S.C. §1326 AND OPPORTUNITY TO OBJECT**

The Debtor(s) states as follows:

1. Debtor(s) filed a voluntary petition under Title 11 commencing a chapter 13 bankruptcy case.

2. Debtor(s) proposes to make Adequate Protection Payments, pursuant to § 1326(a)(1)(C) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claims in the amounts specified below:

280.UT.01

| Secured Creditor | Description of Collateral | Amount of Adequate Protection Payment | Number of Months in Adequate Protection Period |
|---|---|---|---|
| Security Services Federal Credit Union | 2017 Dodge Ram 2500 | $665.00 | 6 |
| Morgan Jewelers | Bracelet Ring and Necklace | $15.00 | 6 |

    3.      The monthly plan payments proposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

    4.      Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

    5.      This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor(s) or otherwise ordered by the Court.

    6.      Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

DATED: February 1, 2019.

VANNOVA LEGAL, PLLC

/s/
Matthew K. Broadbent
Attorney for Debtor(s)

280.UT.01

Matthew K. Broadbent (09667)
VANNOVA LEGAL, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: info@VannovaLegal.com
*Counsel for Debtor(s)*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division**

| In Re: <br><br> **Windy Lee Achenbach and Donald Lee Achenbach,** <br><br> Debtor(s). | Bankruptcy Case No.: 19-20331 <br><br> Chapter 13 <br><br> Honorable R. Kimball Mosier |
|---|---|

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN AND
NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326
AND OPPORTUNITY TO OBJECT**

I hereby certify that on February 1, 2019 I caused to be served a true and correct copy of the Plan and Notice of Adequate Protection Payments under 11 U.S.C. § 1326 and Opportunity to Object by regular first class United States mail with Certified Mail being designated as necessary, postage fully pre-paid, addressed to all parties listed below:

Morgan Jewelers
Nate Morgan
545 E 300 S
Salt Lake City, Utah 84102

DATED: February 1, 2019.

                                VANNOVA LEGAL, PLLC

                                _____/s/_____

                                Jenny Leato